UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LUZ CHALAS, ET AL.                                    CIVIL ACTION


v.                                                    NO. 20-0795


DENKA PERFORMANCE ELASTOMER LLC, ET AL.               SECTION "F"



ORDER AND REASONS

Before the Court is the plaintiffs' "Motion in Opposition to Removal and Request for Remand." For the reasons that follow, the motion to remand is GRANTED.

**Background**

This is one of 10 environmental tort lawsuits, each of which involves approximately 100 plaintiffs whom allege that exposure to chloroprene emissions from the Pontchartrain Works Facility in St. John the Baptist Parish caused them to experience "some or all" of many alleged acute and chronic symptoms associated with chloroprene exposure. The plaintiffs filed suit in state court, advancing theories of negligence, nuisance, and battery in seeking to recover personal injury damages from four named defendants, Denka Performance Elastomer LLC, E.I. DuPont de Nemours and

Company,   The   Dow   Chemical   Company,   and   DowDuPont   Inc.[1]

Incorporated   in   the   petition   at   pages   9-10   is   a   stipulation

purporting   to   limit   recoverable   damages;   it   provides:

**BINDING PRE-REMOVAL STIPULATION**

Plaintiffs and undersigned counsel below, hereby stipulate as follows:

A.   The total monetary award sought by each of the Plaintiffs, listed herein in Exhibit A, against [defendants], with all elements of damages, exclusive of costs and interest, in any way related to each Plaintiff's claims for nuisance, civil battery, increased risk of developing cancer and fear caused by the increased risk of developing cancer described in this Petition does not exceed the sum of $50,000.00 per Plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs.

B.   No plaintiff listed in Exhibit A nor undersigned counsel will accept or seek to recover any portion of a judgment or award in excess of $50,000.00 per Plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs.

C.   No Plaintiff listed in Exhibit A nor undersigned counsel will amend or authorize this Petition be amended to plead an amount in controversy in excess of $50,000 per Plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs.

D.     Each Plaintiff listed in Exhibit A and undersigned counsel declare that it is their intent to waive, relinquish, and/or renounce entitlement to any damages, exclusive of interest and cost, in excess of $50,000.00 per Plaintiff.  Each Plaintiff listed in Exhibit A and undersigned counsel renounce any right to

---

[1] These 10 "cookie-cutter" lawsuits -- a characterization not directed towards the merits or plausibility of the claims presented -- are identical to each other with the exception of the contents of "Exhibit A," a spreadsheet attached to each petition listing the plaintiffs' names and "DLC client number[s.]" Plaintiffs' counsel admits that the state court petitions were copied-and-pasted from prior petitions filed by counsel in other chloroprene exposure cases.

enforce or collect any judgment or award in excess of $50,000.00 per Plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs.
      E.    Each Plaintiff listed in Exhibit A and undersigned counsel declare the damages sought by each Plaintiff do not exceed the sum of $50,000.00 per Plaintiff, including all penalties and attorneys' fees, but exclusive of interest and costs.[2]

On March 6, 2020, the defendants removed this lawsuit (along with the other nine) to this Court, invoking this Court's diversity jurisdiction. Regarding the amount-in-controversy requirement for diversity jurisdiction, the defendants in their removal papers take issue with the plaintiffs' failure to submit individually-executed stipulations, as promised in the state court petition, and the defendants question whether the plaintiffs have, in fact, signed binding stipulations irrevocably limiting their damages. Doubling down on the stipulation embedded in the state court petition at pages 9-10, the plaintiffs now move to remand.

---

[2] At note 2 of page 3 of the state court petition, the plaintiffs state: "In addition to the binding pre-removal stipulation included in this Petition, each Plaintiff and his/her counsel have executed binding pre-removal stipulations which are attached hereto as Exhibit B, and filed herewith as part of this Petition." Contrary to this assertion, however, there is no Exhibit B accompanying the petition and no indication in the record (or otherwise) that the plaintiffs ever signed, let alone filed with the Court, any stipulations. More on that later.

I.

*A.*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by'" the United States Constitution and conferred by Congress. Gunn v. Minton, 568 U.S. 251, 256 (2013)(citation omitted). Although the plaintiffs challenge removal in this case, the removing defendants must establish that federal jurisdiction existed at the time of removal and that removal was proper. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if the plaintiffs timely identify a procedural defect in removal; remand is mandated if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed." Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." Id.

*B.*

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the case -- that is, if the plaintiff could have brought the action in federal court from the outset. See 28 U.S.C. § 1441(a). The Court

4

has original diversity jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000)(citing 28 U.S.C. § 1332(a)(1)).

*C.*

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal. See Manguno, 276 F.3d at 723 (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)). Where, as here, the only dispute focuses on whether the amount-in-controversy requirement is met, the Court adheres to a settled analytical framework.

Louisiana law forbids plaintiffs from alleging a "specific monetary amount of damages[.]" La. Code Civ. Proc. art. 893(A)(1).[3] In such instances, the removing party must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). This showing may be made by either (1) showing that it is facially

_____

[3] But, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts" then "a general allegation that the claim exceeds or is less than the requisite amount is required." Id.

apparent that the plaintiff's claims likely exceed $75,000, or (2) setting forth "summary judgment type evidence" of facts in controversy that support a finding of the jurisdictional amount. Manguno, 276 F.3d at 723; Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Gebbia, 233 F.3d at 883. If the removing defendant cannot show that the amount-in-controversy is facially apparent, it may be able to "set[] forth the facts in controversy -- preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount." Luckett, 171 F.3d at 298.

If the removing party satisfies its burden, the plaintiff may only defeat removal by showing that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412; see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount[.]"). Absent a statute that restricts recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a

defendant has removed the case, St. Paul makes later filings irrelevant." De Aguilar, 47 F.3d at 1412 (quoting In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992)(per curiam)).

II.

The parties dispute one issue: whether the amount-in-controversy requirement is met. The plaintiffs contend that the stipulation embedded in their complaint limits their damages to a legal certainty, warranting remand.  The defendants counter that the embedded stipulation is "generic" and invalidated by the plaintiffs' failure to provide, as promised, individually-signed stipulations.  Skeptical of whether the plaintiffs truly renounced damages exceeding $50,000, the defendants request permission to obtain jurisdictional discovery to determine whether each individual plaintiff (and there are many) read and approved the petition and its embedded stipulation prior to its filing in state court.[4]  The defendants elevate the stipulation's form over its substance; because the plaintiffs' incorporated stipulation meets their legal certainty obligation, remand is required.

---

[4] In fact, the defendants request to discover much more.  They seek permission to serve a set of interrogatories and requests for production of documents on plaintiffs; among other things, the interrogatories ask whether the plaintiffs signed binding stipulations and whether they even agreed to be represented by plaintiffs' counsel.

7

*A.*

Framed more specifically, the singular issue presented is whether the "BINDING STIPULATION" embedded in the state court petition renders it legally certain that each plaintiff's claims will not exceed the $50,000 sum stated in the petition.  It does.

The "BINDING PRE-REMOVAL STIPULATION" embedded in the petition is reproduced in full above.  The defendants offer no support for any challenge to the substance of its five paragraphs. (Nor could they:  it explicitly renounces the right to accept or seek damages greater than $50,000).  Shifting focus to take issue with the stipulation's form, the defendants observe that it appears to be copied-and-pasted from other chloroprene emissions case pleadings and is not in the form of a separate stipulation or affidavit signed by each plaintiff, but, rather, written by plaintiffs' counsel and embedded in the state court petition.[5]

_____

[5] The defendants are skeptical of plaintiffs' counsel's failure to provide signed stipulations for each of the (some 1,000 total) plaintiffs, as promised at footnote 2 on page 3 of the state court petition; the defendants note:

> If Plaintiffs' counsel had actually obtained the required consent from their clients to limit their damages, then counsel could have ended (or avoided) this dispute in any number of ways: producing the signed stipulations, attaching an affidavit confirming their authority, or simply representing to the Court in their motion that they did, in fact, obtain consent from each of their clients to limit their damages.

The plaintiffs have since accomplished the latter, with plaintiffs' counsel representing in their reply papers: "All

But the case literature does not support the defendants' insistence on individually-signed stipulations where, as here, a stipulation incorporated in the state court petition is sufficiently binding.

To be sure, "federal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement."  Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013)(citing St. Paul, 303 U.S. at 289).  There is no quarrel about this general principle.  To determine whether a proffered stipulation renders it legally certain that a plaintiff's recovery will not exceed the jurisdictional threshold, the key consideration is whether the stipulation is "legally binding on all plaintiffs."  Id. at 595-96 (citing 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1, p. 335 (4th ed. 2011)(federal court, as condition for remand, can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount")(emphasis added)). In other words, to satisfy the legal certainty test with a

---

clients were counseled and prior to filing their petition, all gave their permission to stipulate" and  "Plaintiff's counsel obtained expressed consent from every client prior to filing the Plaintiff's Petition" and "Plaintiffs' Counsel had expressed consent to stipulate within the petition on behalf of all clients listed on the petition and in exhibit 'A'."

stipulation, it is essential that the plaintiffs "have... shown[n] that they are bound irrevocably by their state pleadings[.]"  De Aguilar, 47 F.3d at 1412 n.10.

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings," another Section of Court has observed, "a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him."  Levith v. State Farm Fire and Cas. Co., No. 06-2785, 2006 WL 2947906, at *2 (E.D. La. Oct. 11, 2006)(Vance, J.)(citing La. C.C.P. art. 862).  This may be achieved by incorporating the requisite legally binding language in the petition or complaint.  See, e.g., Gonzalez v. Allstate Vehicle & Prop. Ins. Co., No. 19-65, 2019 WL 7900263, at *3 (S.D. Tex. Aug. 16, 2019); Lang v. State Farm Fire and Cas. Co., 23 F. Supp. 3d 661, 664 (E.D. La. 2014)(Lemelle, J.); Lilly v. Allstate Ins. Co., No. 07-8087, 2007 WL 4255616, at *1 (E.D. La. Nov. 30, 2007)(Vance, J.); Engstrom v. L-3 Commc'ns Gov't Servs., Inc., No. 04-2971, 2004 WL 2984329, at *4 (E.D. La. Dec. 23, 2004)(Engelhardt, J.).  There can be no dispute that the plain text of the *incorporated stipulation* achieves the affirmative renunciation requirement.   Insofar   as   the   defendants   insist instead upon separately signed stipulations, the defendants' first objection as to form fails as a matter of law.

10

The defendants' second objection as to form fares no better. The defendants suggest that the incorporated stipulation is insufficient to satisfy the plaintiffs' legal certainty obligation because plaintiffs' attorney cannot bind the plaintiffs to the stipulation.  The Court disagrees:  the defendants would impose a formal signature or affidavit requirement where none exists. Again, the key consideration is whether the stipulation is legally binding.  As (then-District) Judge Engelhardt observed years ago, stipulations on damages contained in state court petitions are "judicial confessions" under Louisiana Civil Code article 1853, which cannot be revoked except as "an error of fact."   See Engstrom, No. 04-2971, 2004 WL 2984329, at *4 (noting that "Louisiana courts are ... bound to enforce a judicial confession made by an attorney on behalf of his client in a pleading, such as a Petition, absent an error of fact or absent a showing that the party in whose favor the confession was made suffered no detrimental reliance")(citation omitted); La. Civ. Code art. 1853, cmt. b ("a declaration made by a party's attorney ... has the same effect as one made by the party himself").  An enforceable judicial confession is present here; each plaintiff is legally bound by counsel's stipulation in the state court petition.

The Court finds that the incorporated stipulation is legally binding  --  the  essential  feature  for  a  pre-removal  damages

11

stipulation to avoid federal diversity jurisdiction -- and it expressly renounces the right to enforce a judgment in an amount greater than $50,000.   Because it is legally certain that the $75,000 amount-in-controversy requirement is not met, remand is mandatory.

*B.*

In their reply paper, the plaintiffs request that the Court impose sanctions on defense counsel.[6]   The plaintiffs offer no support for this request.

Even if the plaintiffs' request for sanctions could be construed as one seeking an order for payment of the reasonable attorney's fees, expenses, and costs associated with removal, the Court declines to shift these costs.   Although the plaintiffs have persuaded the Court that it is legally certain that each plaintiff's recovery will not exceed $50,000, the plaintiffs fail to persuade the Court that they should be awarded attorney's fees or costs due to improvident removal under 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees

---

[6] Both sides' jabs that the other is violating their professional responsibility obligations are peripheral to the Court's only task here: to determine whether it has subject matter jurisdiction over this lawsuit.   The Court declines to indulge counsel's tit-for-tat.

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

The Court cannot say the defendants' skepticism was objectively unreasonable under the circumstances, given the sheer number of plaintiffs and plaintiffs' counsel persistent refusal to deliver what they promised: individually-signed stipulations.[7] It was not until their reply paper that plaintiffs' counsel affirmatively represented that each plaintiff expressly consented to the pre-removal stipulation incorporated in the petition. Under the circumstances, the Court cannot find that removal was objectively unreasonable. See, e.g., Lilly v. Allstate Ins. Co., No. 07-8087, 2007 WL 4255616, at *1 (E.D. La. Nov. 30, 2007)("Although the plaintiffs' complaint explicitly states that the amount in controversy is less than $75,000, plaintiff did not verify her complaint or file a separate, binding stipulation[,]" thus, defendants' attempt to remove was not legally improper and

_____

[7] Again, at page 3, note 2 of the Petition, the plaintiffs unequivocally state: "In addition to the binding pre-removal stipulation in this Petition, each Plaintiff and his/her counsel have executed binding pre-removal stipulations which are attached hereto as Exhibit B, and filed herewith as part of the Petition." Counsel for defendants indicates that they requested copies of the signed stipulations, but that plaintiff's counsel merely became evasive, refused even to confirm the existence of signed stipulations, and refused even to represent that they had each plaintiff's pre-removal authority to limit damages.

13

plaintiff was not entitled to attorneys' fees).  To avoid removal, the plaintiffs could have verified the petition, or filed with their petition separate binding stipulations (as they indicated in their petition that they had done).  Especially considering the sheer number of plaintiffs merely listed in a spreadsheet attached to a cookie-cutter petition, plaintiffs' failure to follow through with signed stipulations precludes a finding that removal was objectively unreasonable.

***

Because the Court lacks subject matter jurisdiction, IT IS ORDERED: that the motion to remand is GRANTED.  The case is hereby remanded to the 40th Judicial District Court, St. John the Baptist Parish.

New Orleans, Louisiana, July 21, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE